IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

AR DESIGN INNOVATIONS LLC,          §
                                    §
          *Plaintiff*,              §
                                    §
v.                                  §
                                    §   CIVIL ACTION NO. 2:25-CV-00529-JRG
LOWE'S COMPANIES, INC.,             §
                                    §
          *Defendant*.              §
                                    §
                                    §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lowe's Companies, Inc.'s ("Defendant," or "Lowe's") Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). (Dkt. No. 31.) Having considered the Motion and all related briefing, the Court finds that it should be and hereby is **GRANTED AS MODIFIED**.

## I.      BACKGROUND

Plaintiff AR Design Innovations LLC ("Plaintiff," or "AR Design") filed the above-captioned case against Lowe's on May 15, 2025, asserting infringement of at least claim 1 of U.S. Patent No. 7,277,572 (the "'572 patent"). (Dkt. No. 1.) Lowe's filed a motion to dismiss AR Design's initial complaint on August 4, 2025. (Dkt. No. 22.) In response, AR Design filed its First Amended Complaint (the "FAC") on August 18, 2025, still asserting infringement of at least claim 1 of the '572 Patent. (Dkt. No. 26.) The FAC remains operative in the above-captioned case and is the subject of Lowe's Motion. (Dkt. No. 31.)

The '572 patent is generally directed to resolving "technical problems related to computerized three-dimensional modeling systems, particularly problems related to the utilization of technology for rendering and manipulating in real-time 3D objects on a client computer with a user-selected or user-generated interior scene." (Dkt. No. 26 at ¶ 35.) The accused products are

Lowe's augmented reality ("AR") products and tools, "including but not limited to the [AR] tool and the '3D model' tool available on Defendant's mobile applications" (the "Lowe's Mobile app"). (*Id*. at ¶ 41.) In particular, the FAC focuses on "features allowing users to view Lowe's products in their space." (*Id*.)

## II.   LEGAL AUTHORITY

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663 (citing *Twombly*, 550 U.S. at 570). This plausibility requirement does not require that a plaintiff prove its case at the pleading stage, but it "'calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged.'" *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). The Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019). However, the Court should "not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1150 (5th Cir. 2021) (internal citation omitted).

## III.   ANALYSIS

Lowe's asserts that all of AR Design's theories of both direct and indirect infringement in the FAC should be dismissed. (Dkt. No. 31.) Overall, Lowe's asks the Court to dismiss the FAC

"in its entirety with prejudice." (*Id*. at 1.) The Court takes up Lowe's arguments as to each of AR Design's theories of infringement in turn below.

### A.  Direct Infringement

Lowe's separates AR Design's direct infringement theories into two categories: "principal" and "alternative" theories of direct infringement. Within the "principal" category, Lowe's includes discussion of both "AR Design's direct infringement theory based on Lowe's itself performing all steps" and "AR Design's divided infringement theory." (Dkt. No. 31 at i.) Within the "alternative" category, Lowe's urges the Court to dismiss AR Design's theories of direct infringement which rely on making or providing software, as well as "testing." (*Id*. at 17-19.) These theories are each addressed in their own sub-section below.

### 1.  AR Design's "Principal" Direct Infringement Theory

First, Lowe's asserts that AR Design's primary direct infringement theory, that Lowe's itself performs all of the steps in claim 1 of the '572 patent, fails because "AR Design pleads no facts plausibly showing that Lowe's itself performs steps carried out on third-party mobile devices." (Dkt. No. 31 at 10.) AR Design responds that "[b]ecause AR Design's direct infringement allegations are clearly based on the fact that Defendant itself performs each and every step of asserted claim 1, Defendant's arguments about the user's performance or involvement in performing the method of claim 1... are irrelevant at this stage. Any reference to Defendant's users in the FAC, claim chart, or infringement contentions are ancillary." (Dkt. No. 32 at 6-7.)

The core of this disagreement between the parties rests on whether AR Design's pleadings "allege[] that certain claimed steps are executed on third-party mobile devices and require user involvement," as Lowe's asserts. (Dkt. No. 31 at 9.) While AR Design responds that references to Lowe's users in the FAC are merely "ancillary," the FAC includes pages of discussion regarding

3

the Lowe's Mobile app. The FAC specifically describes how "users may download [Lowe's Mobile app] from Apple's App Store and Google Play to their mobile devices." (Dkt. No. 26 at ¶ 42.) The FAC goes on to describe the accused products as "[AR] tools available on Lowe's mobile applications, which are accessible on mobile devices." (*Id*. at ¶ 56.) The corresponding claim chart states on its first page that "[t]he ***combination*** of server-side and client-side software, firmware, and app, which are all provided by Lowe's directly performs each step of at least claim 1 of the '572 patent." (Dkt. No. 26-3 at 1 (emphasis added).) The claim chart explicitly includes the use of a customer mobile device in its contentions at multiple points, such as where it states that step (d) is met "via use of a smartphone camera, to selectively obtain and display the 3D scene in a plurality of views." (*Id*. at 6.)

Accordingly, the Court finds that AR Design's conclusory argument that its "direct infringement allegations are clearly based on the fact Defendant itself performs each and every step of asserted claim 1" (Dkt. No. 32 at 6) are insufficient. Both the FAC and the included claim chart expressly state that the contentions rely on a combination between Lowe's own server-side items and the "client-side" mobile app, and no explanation is provided for how AR Design can reference this combination, and then in the same sentence go on to state that Lowe's therefore directly performs each step of claim 1. The Court must treat all well-pleaded facts as true, but cannot accept this conclusory and internally inconsistent conclusion.

### 2. Divided Infringement

Second, Lowe's asserts that AR Design fails to allege any facts supporting its alternative pleading that Lowe's "directs and controls the end users of the Accused Products to perform each and every limitation of at least claim 1 of the '572 patent." (Dkt. No. 26 at ¶ 55.) AR Design responds that it has sufficiently pled that Lowe's "conditions participation in the Accused Products

4

on the performance of [the steps of claim 1]" by stating in its claim chart and infringement contentions that the AR and 3D model tools are available on Lowe's Mobile app and presenting "Defendant's documented promotion of these capabilities as a unified product." (Dkt. No. 32 at 11, citing Dkt. Nos. 26-3 and 32-1.)

In its argument, AR Design cites generally to both its claim chart (attached to the FAC) and its infringement contentions, but does not identify a pincite to either which addresses divided infringement. The claim chart merely includes a statement that Lowe's performs "and/or directs and controls end users of the Accused Products" to perform each step of claim 1, without any explanation as to how or why Lowe's directs or controls the end users. (Dkt. No. 26-3.) The chart attached to AR Design's infringement contentions similarly asserts that Lowe's "performs the step of and/or instructs its agents, affiliates, and/or customers to perform the step[s] of [the asserted claims]" without further explanation. (Dkt. No. 32-1.) The FAC itself includes only the alternative pleading that Lowe's "also directs and controls the end users." (Dkt. No. 26 at ¶ 55.) AR Design cites to ¶¶ 40-47 of the FAC as well, but these paragraphs merely introduce and describe the Lowe's Mobile app.

As this Court has previously acknowledged, "'mere guidance or instruction is insufficient' to establish the Akamai 'conditioned benefit' test." *Mullen Indus. LLC v. Samsung Elecs. Co., Ltd.*, 2024 WL 4870768, at *5 (E.D. Tex. Nov. 21, 2024) (citing *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1367 (Fed. Cir. 2017) and *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1379) (Fed. Cir. 2017)). Bare assertions that Lowe's is directing and controlling users of its Mobile app, elaborated upon only by statements in AR Design's infringement contentions that Lowe's "instructs its… customers to perform the step[s]," are insufficient to establish that Lowe's directs and controls its customers to infringe the '572 patent as AR Design describes in its response.

### 3.   Direct Infringement Via Making Software

Third, Lowe's asserts that AR Design's claims that Lowe's infringes method claim 1 of the '572 patent by "making" or "providing" software fail as a matter of law, because "[a] defendant cannot infringe a method claim by providing software that is merely capable of performing the steps of the claimed method." (Dkt. No. 31 at 18.) AR Design responds that Lowe's argument fails because it "omits any language regarding 'use' or 'using' in its selected citations to the FAC" on this theory. (Dkt. No. 32 at 13.)

However, the allegations of Lowe's "use" of the asserted products is addressed in the previous section. With regard to the allegations in the FAC that Lowe's infringes claim 1 by "making" or "providing" software, the Court finds that these claims fail as well. Given that method claims are only infringed when the claimed process is performed, *see Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006), the FAC must include some allegations of how or why the claimed method is actually performed when Lowe's makes or provides the software. The mere addition of "makes" and "provides" to a list of boilerplate language for actions Lowe's took regarding the AR tools does nothing to allege that the making or sale of the AR tools infringes method claim 1. Claim 1 recites a method "for generating and rendering a photorealistic three-dimensional (3D) perspective view of a 3D object selectively positioned within a 3D scene," comprising steps such as "communicably accessing a server with a client," and "displaying a 3D scene with a GUI." (Dkt. No. 26-1 at A-48.) There is no description in the FAC plausibly alleging that the steps of this claim are performed when Lowe's makes or "provides" the accused products' software. Caselaw squarely instructs that "the sale of an apparatus that is capable of infringing use" is not enough. *Ormco*, 463 F.3d at 1311.

#### 4. Direct Infringement Via Testing

Finally, Lowe's asserts that the Court should dismiss any references the FAC makes to infringement via its "testing." This theory is mentioned only once, in the "Jurisdiction and Venue" section of the FAC, where AR Design states: "Defendant commits acts of infringement in this District, including, but not limited to, selling, offering for sale, and/or using (including through *testing*) the Accused Products." (Dkt. No. 26 at ¶ 19 (emphasis added).)

This Court has previously dismissed testing-based allegations where an allegation that the defendant infringes the asserted patent "by testing the accused process is merely part of a boilerplate sentence of potentially infringing actions." *Mullen*, 2024 WL 4870768, at \*4. Where AR Design has mentioned "testing" only a single time in its FAC, in a long string of alleged behaviors giving rise to Lowe's alleged infringement, there can be no serious claim that the FAC provides the level of detail and notice required by the *Twombly/Iqbal* standard. While AR Design does not have to prove its case at the pleading stage, additional factual allegations are necessary to plead that Lowe's has infringed the '572 patent via its testing.

#### 5. AR Design Fails to State a Claim for Direct Infringement

Given that each allegation of direct infringement contained in the FAC is not sufficiently pled, the Court finds that AR Design has ultimately failed to state a claim for direct infringement.

### B. Indirect Infringement

Lowe's asserts that AR Design's indirect infringement claims fail because they are predicated upon Lowe's alleged direct infringement, which the FAC does not properly plead, such that "all of AR Design's indirect infringement claims lack an underlying act of direct infringement." (Dkt. No. 31 at 16-17.) Since the Court has found that AR Design did not adequately plead direct infringement, it must follow that AR Design cannot successfully allege

indirect infringement. *See, e.g., Nalco Co v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) ("It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement") (cleaned up).

### C. Dismissal With Versus Without Prejudice

Lowe's asserts that the Court's dismissal of the FAC should be with prejudice. (Dkt. No. 31 at 1.) AR Design, in response, seeks leave to amend if the Court grants dismissal of any part of the FAC. (Dkt. No. 32 at 15.)

Since the Motion relates to Plaintiff's FAC, Plaintiff may only amend its pleading with the Court's leave. Fed. R. Civ. P. 15(a)(2). As Rule 15 instructs, "the court should freely give leave when justice so requires." *Id*. A district court must possess a "substantial reason" to deny a request for leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The Fifth Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Id*.

The Court does not find that any of these considerations counsel in favor of a dismissal with prejudice in this case. Lowe's focuses only on the futility of the amendment, asserting that since AR Design has already amended its FAC once any further amendments are futile. (Dkt. No. 31 at 20.) However, with AR Design having only amended the FAC once before, the Court does not find that further amendment is automatically rendered futile. Additionally, the Court sees no indication that AR Design has engaged in undue delay, bad faith conduct, or repeated failures to cure deficiencies. Finally, the early stage of the case means that prejudice to Lowe's from

permitting additional amendments to the FAC is low. Accordingly, the Court dismisses the FAC **WITHOUT PREJUDICE**, and grants AR Design leave to amend.

## IV.     CONCLUSION

For the reasons stated herein, the Court finds that Lowe's Motion to Dismiss (Dkt. No. 31) should be and hereby is **GRANTED AS MODIFIED**. The FAC is **DISMISSED WITHOUT PREJUDICE**, and AR Design's request for leave to amend is **GRANTED**. It is **ORDERED** that AR Design file its second amended complaint on the docket within fourteen (14) days of this Order.

**So ORDERED and SIGNED this 2nd day of June, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE